UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: _____

**ELLIOTT GELBER, &**
**all others similarly situated,**

      Plaintiff,
v.

**AKAL SECURITY, INC.,**

      Defendant.
_____/

## COMPLAINT

Plaintiff Elliot Gelber sues Defendant Akal Security Inc. for violating the minimum wage provisions and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA") and for unpaid wages under state law.

**Parties, Jurisdiction, Venue, Facts, Etc.**

1. Plaintiff Elliot Gelber was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an air security officer who was responsible for the supervision of deportees during flights back to their home country.

2. Defendant Akal Security Inc. is a New Mexico corporation with its principal place of business in New Mexico. It maintains an operations facility in Miami, Florida. Plaintiff worked out of the Defendant's Miami facility. Defendant is a government contractor. Upon information and belief, Defendant's contract with the federal government require it to comply with all federal, state and local laws and regulations.

3. Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction).

4. Venue is proper in Miami-Dade County, Florida, as Plaintiff's employment was based in Miami at the Defendant's Miami operation. 28 U.S.C. § 89.

5. Plaintiff Gelber worked and still works for Defendants as an air security officer. His rate of pay was and is $25.58 per hour.   Plaintiff is a non-exempt employee.

6. Plaintiff's job duties included the direct supervision of deportees upon their arrival at Akal, their loading onto aircraft for deportation, and in-flight supervision during the trip to the deportee's home country.

7. After depositing deportees in their home country, Gelber returned with the rest of the flight crew to the United States.

8. During the return flight, Defendant forced Gelber to take a one-hour unpaid lunch break.

9. The one-hour lunch break deduction was completely arbitrary and had no bearing on Gelber actually taking any lunch break.

10. The Defendant has a company-wide policy of mandating that employees be docked one hour of pay on each return flight back to the United States when no deportees are on board.  Plaintiff does not actually take a "lunch break" and any meal is eaten while performing services for the company.  The one-hour deduction is completely arbitrary as it bears no relationship to any actual lunch break.

11. Upon information and belief, there are numerous employees who are similarly situated and who lose the same one-hour of pay pursuant to the Defendant's lunch break policy.

12. At all times on the return flight Gelber was captive on the plane, severely restricting his ability to do any activity for his own benefit.

13. The Plaintiff did not receive overtime compensation in the event that the hours that were deducted worked were in excess of 40 per week. To the extent the lunch break hours were hours in excess of 40 hours per week, Plaintiff is entitled to time-and-a half for those hours.

14. The Plaintiff did not receive minimum wage compensation for the hour worked that was improperly deducted from Plaintiff's pay as a result of the forced lunch break.

### Count I – Fair Labor Standards Act / Unpaid Minimum Wages

15. Plaintiff incorporates paragraph 1 – 14.

16. Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

17. Defendant was, at all material times, an employer within the meaning of the FLSA.

18. Plaintiff was forced to take an arbitrary one-hour unpaid lunch break that had no bearing on taking any actual lunch break on return flights to the United States.

19. Plaintiff was not paid minimum wages by the Defendant for the time periods stated above.

20. Defendant's violation of the FLSA was willful and intentional.

21. Plaintiff is entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

### Count II - Fair Labor Standards Act / Unpaid Overtime

22. Plaintiff incorporates paragraph 1 – 14.

23. Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

24. Defendant was, at all material times, an employer within the meaning of the FLSA.

25. Plaintiff worked for the Defendant and worked in excess of 40 hours per week. It is possible that in any given week, the unpaid lunch break hours would have been hours in excess of 40 hours per week. For those weeks, Plaintiff is entitled to overtime pay at a rate of 1.5 times his regular rate of pay.

26. Plaintiff was not paid overtime wages by the Defendant for the time periods stated above.

27. Defendant's violation of the FLSA was willful and intentional.

28. Plaintiff is entitled to an award of overtime back pay and liquidated damages equal to the amount of the back pay.

### Count III – Fla. Stat. 440 - Unpaid Wages under Florida State Law

29. Plaintiff incorporates paragraph 1 – 14.

30. Plaintiff was, at all material times, an employee of the Defendant.

31. Defendant was, at all material times, an employer who employed the Plaintiff.

32. Every time the Plaintiff would return to the United States and the plane lacked any deportees, the Defendant would arbitrarily deduct one hour of time from the Plaintiff's pay check.

33. Plaintiff is entitled to an award of back pay in the amount of $25.58 for each hour that was wrongfully deducted.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

**Prayer for Relief**

Plaintiff prays that this Court enter judgment in his favor against Defendant Akal Security Inc., and award monetary damages for back pay, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems appropriate.

Respectfully submitted,

 /s/ Matthew Sarelson
Florida Bar 888281
**KAPLAN YOUNG & MOLL PARRÓN**
Attorneys for Plaintiff
600 Brickell Avenue, Suite 1715
Miami, Florida 33131
Phone (305) 330-6090
msarelson@kymplaw.com
