UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:16-cv-23170-FAM/O'SULLIVAN

**ELLIOTT GELBER, ANGEL LOPEZ,
LUIS PAGAN, CASSANDRA BAKER,
SIGFREDO HERNANDEZ, FARA DIAZ,
SYLVIA BATISTA, LAREZO MORERA,
MAGALIE SANTIAGO, MONICA VILA
JEAN VALBRUM, SANDRA AMENEIRO,
JORGE AGULAR, CARLOS TOLENTINO,
RUBEN YERO, & all others similarly situated,**

      Plaintiffs,

v.

**AKAL SECURITY, INC.,**

      Defendant.
_____/

**AMENDED COMPLAINT**

Plaintiffs Elliot Gelber, Angel Lopez, Luis Pagan, Monica Vila, Sigfredo Hernandez, Lazero Morera, Sylvia Batisa, Fara Diaz, Jean Valbrun, Cassandra Baker, Magalie Santiago, Sandra Ameneiro, Jorge Agular, Carlos Tolentino and Ruben Yero sue Defendant Akal Security Inc. for violating the minimum wage provisions and overtime provisions of the Fair Labor Standards Act.

**Parties, Jurisdiction, Venue, Facts, Etc.**

    1.    Plaintiff Elliot Gelber was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

2. Plaintiff Angel Lopez was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

3. Plaintiff Luis Pagan was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Broward County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

4. Plaintiff Monica Vila was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

5. Plaintiff Sigfredo Hernandez was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

6. Plaintiff Lazero Morera was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

7. Plaintiff Sylvia Batista was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States

who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

8. Plaintiff Fara Diaz was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

9. Plaintiff Magalie Santiago was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

10. Plaintiff Cassandra Baker was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Broward County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

11. Plaintiff Jean Valbrum was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Broward County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

12. Plaintiff Sandra Ameneiro was, between approximately May 4, 2012 and June 15, 2014, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

13. Plaintiff Jorge Agular was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Broward County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

14. Plaintiff Carlos Tolentino was at all material times an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Broward County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

15. Plaintiff Ruben Yero was at all material times an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Miami-Dade County, Florida. Plaintiff is an Air Security Officer ("ASO") who was responsible for the supervision of deportees during flights back to their home country.

16. Defendant Akal Security Inc. is a New Mexico corporation with its principal place of business in New Mexico. It maintains an operations facility in Miami, Florida. Plaintiffs worked out of the Defendant's Miami facility. Defendant is a government contractor. Upon information and belief, Defendant's contract with the federal government require it to comply with all federal, state and local laws and regulations.

17. Since the filing of the Complaint, numerous people have opted-in to and joined this lawsuit and have given consent to serve as party plaintiffs. These opt-in Plaintiffs were and are air security officers and they share(d) the same title and responsibilities of Plaintiff Gelber. All were and are subject to the same automatic one-hour lunch break deduction that Gelber was and is subject to.

18. The current opt-ins, as of the date of the filing of this Amended Complaint are: Angel Lopez, Luis Pagan, Monica Vila, Sigfredo Hernandez, Lazero Morera, Sylvia Batisa, Fara Diaz, Jean Valbrun, Cassandra Baker, Magalie Santiago, Sandra Ameneiro, Jorge Agular, Carlos Tolentino and Ruben Yero.

19. Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction).

20. Venue is proper in Miami-Dade County, Florida, as Plaintiffs' employment was based in Miami at the Defendant's Miami operation. 28 U.S.C. § 89.

21. Plaintiff Gelber worked and still works for Defendants as an air security officer. His rate of pay was and is $25.58 per hour. Plaintiffs are and were non-exempt employees.

22. Plaintiffs were and are not paid on a salary basis and are not paid any type of flat weekly compensation for all hours worked during the week. Plaintiffs are hourly employees.

23. Plaintiffs' job duties included the direct supervision of deportees upon their arrival at Akal, their loading onto aircraft for deportation, and in-flight supervision during the trip to the deportee's home country.

24. After depositing deportees in their home country, Plaintiffs returned with the rest of the flight crew to the United States. Plaintiffs are compensated for the return flight home. Returning home on the aircraft is part of the ASO's job.

25. During the return flight, Defendant permits Plaintiffs to take a lunch break of up to one hour but without compensation. Plaintiffs are not obligated to take a lunch break or to take a lunch break of a given duration. An ASO may not take any lunch break, or, for example, may take a 2-minute lunch break to eat a power bar. Regardless of whether an ASO takes a lunch break, and regardless of how long any actual lunch break is, the ASO is automatically deducted one hour of compensation.

26. The Defendant does not keep records of any ASO's lunch break.

27. The one-hour lunch break deduction was completely arbitrary and had no bearing on Gelber actually taking any lunch break.

28. The Defendant has a company-wide policy of mandating that ASO employees be docked one hour of pay on each return flight back to the United States when no deportees are on board. Plaintiff does not actually take a "lunch break" and any meal is eaten while performing services for the company. The one-hour deduction is completely arbitrary, as it bears no relationship to any actual lunch break.

29. Upon information and belief, there are numerous employees who are similarly situated and who lose the same one-hour of pay pursuant to the Defendant's lunch break policy. Sixteen have already joined this lawsuit as opt-in Plaintiffs. All ASOs are potential opt-ins.

30. At all times on the return flight Plaintiffs and the other ASOs are captive on the plane, severely restricting their ability to do any activity for their own benefit.

31. Plaintiffs did not receive overtime compensation in the event that the hours that were deducted worked were in excess of 40 per week. To the extent the lunch break hours were hours in excess of 40 hours per week, Plaintiffs are entitled to time-and-a half for those hours.

32. Plaintiffs and the other ASOs did not receive minimum wage compensation for the hour worked that was improperly deducted from Plaintiff's pay as a result of Akal's lunch break policy.

33. Plaintiffs and the other ASOs did not receive their regular rate of pay for the hour worked that was improperly deducted from their pay as a result of Akal's lunch break policy.

34. Akal has been aware of its violation of the FLSA for many years. In 2013, Akal was sued by several ASOs in Texas as a result of the same lunch break policy at issue here. *See*

*Kankel v. Akal Security, Inc.*, N.D. Tex. Case No. 3:13-cv-2651.  A *nationwide* collective action was certified with over 100 opt-ins.  *Id*. at D.E. 68-1.  The result of that lawsuit was a collective action settlement that included a release of all FLSA claims occurring on or before June 14, 2014.  *Id*.  (The release in *Kankel* was limited to releasing claims under the Fair Labor Standards Act and no other statutory or common law claim).

35.     It is possible that one or more opt-ins who were part of the settlement of the Texas litigation is or will be opt-ins in this litigation.  For those opt-ins, they would be limited to seeking compensation under the FLSA for a violation occurring after the release date of June 14, 2014.

36.     Upon information and belief, Akal did not alter its policy with respect to deducting an hour's pay for an alleged lunch break even after the Texas litigation.  Thus, Akal knows it is violating the FLSA and yet it continues to do so even after being sued and paying out funds for its violation.

### Count I – Fair Labor Standards Act / Unpaid Minimum Wages

37.     Plaintiffs incorporate paragraph 1 – 36.

38.     Plaintiffs were and are non-exempt employees of Defendant within the meaning of the FLSA.  Plaintiffs are paid hourly and not on a salary or weekly basis.

39.     Defendant was, at all material times, an employer within the meaning of the FLSA.

40.     Plaintiffs had one-hour of compensation automatically deducted from their compensation on return flights even though the return flight to the United States was and is part of his job.  Thus, Plaintiffs worked for the Defendant for one hour on each return flight without any compensation.

41.     For the alleged hour-long lunch break (even though there was no bona fide lunch break), the Plaintiffs were paid zero dollars per hour.

42. The automatic one-hour deduction bears no relationship to any actual time spent by the Plaintiffs not working for the Defendant. In fact, the Defendant has no records of any time that the Plaintiffs spent not working for the Defendant.

43. Plaintiffs were not paid minimum wages by the Defendant for the time periods stated above.

44. Defendant's violation of the FLSA was willful and intentional.

45. Plaintiffs are entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

### Count II - Fair Labor Standards Act / Unpaid Overtime

46. Plaintiffs incorporate paragraph 1 – 36.

47. Plaintiffs were and are non-exempt employees of Defendant within the meaning of the FLSA. They are paid hourly and not on a salary or weekly basis.

48. Defendant was, at all material times, an employer within the meaning of the FLSA.

49. Plaintiffs worked for the Defendant and, in certain weeks, worked in excess of 40 hours per week. It is possible that in any given week, the unpaid lunch break hours would have been hours in excess of 40 hours per week. For those weeks, Plaintiffs are entitled to overtime pay at a rate of 1.5 times their regular rate of pay.

50. Plaintiffs were not paid overtime wages by the Defendant for the time periods stated above.

51. Defendant's violation of the FLSA was willful and intentional.

52. Plaintiffs are entitled to an award of overtime back pay and liquidated damages equal to the amount of the back pay.

## Demand for Jury Trial

Plaintiffs demand a trial by jury on all issues so triable.

## Prayer for Relief

Plaintiffs pray that this Court enter judgment in their favor against Defendant Akal Security Inc., and award monetary damages for back pay, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems appropriate.

Respectfully submitted,

 /s/ Matthew Sarelson
Florida Bar 888281
**KAPLAN YOUNG & MOLL PARRÓN**
Attorneys for Plaintiff
600 Brickell Avenue, Suite 1715
Miami, Florida 33131
Phone (305) 330-6090
msarelson@kymplaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew Seth Sarelson
Matthew Seth Sarelson, Esq.

Service List
Case No.: 1:16-cv-23170-FAM

Matthew Seth Sarelson, Esq.
Florida Bar 888281
**KAPLAN YOUNG & MOLL PARRÓN**
Attorneys for Plaintiff/Class
600 Brickell Avenue, Suite 1715
Miami, Florida 33131
Phone (305) 330-6090
msarelson@kymplaw.com

Jenna Rinehart Rassif, Esq.
Florida Bar No. 56855
jenna.rassif@jacksonlewis.com
Derek H. Sparks, Esq.
Florida Bar No. 11434
derek.sparks@jacksonlewis.com
**JACKSON LEWIS P.C.**
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7651
Facsimile: (305) 373-4466
Attorneys for Defendant