IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14496-CC

_____

ELLIOTT GELBER,
all others similarly situated,
RUBEN YERO,
SIGFREDO HERNANDEZ,
MONICA VILA,
FARA DIAZ,
JORGE AGULAR,
CASSANDRA BAKER,
SYLVIA BATISTA,
SANDRA AMENEIRO,
JEAN VALBRUM,
ANGEL LOPEZ,
CARLOS TOLENTINO,
MAGALIE SANTIAGO,
LUIS PAGAN,
LAREZO MORERA,
RUBEN CATALA,
REY RIJOS,
JENNIFER MACIOLEK,
ALEJANDRO MELO,

16-CV-23170-FAM

FILED BY____AP____D.C.

Jan 11, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Plaintiffs-Appellees
Cross-Appellants,

versus

AKAL SECURITY, INC.,

Defendant-Appellant,
Cross-Appellee.

_____

On Appeal from the United States
District Court for the Southern District of Florida

_____

BEFORE:   NEWSOM and BRANCH, Circuit Judges.[*]

BY THE COURT:

Appellees/Cross-Appellants' motion to transfer consideration of their motion for appellate attorney's fees is GRANTED. Appellees/Cross-Appellants' motion for appellate attorney's fees is TRANSFERRED to the district court for its consideration of whether Appellees/Cross-Appellants are entitled to appellate attorney's fees and the amount of appellate attorney's fees to which Appellees/Cross-Appellants are entitled, if any. *See* 11th Cir. R. 39-2(d).

---

[*] This order is being entered by a quorum pursuant to 28 U.S.C. § 46(d) due to Judge Martin's retirement on September 30, 2021.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 18-14496-C

---

ELLIOT GELBER, ET AL,

*Appellees/Cross-Appellants*,

v.

AKAL SECURITY, INC.,

*Appellant/Cross-Appellee.*

---

MOTION FOR APPELLATE ATTORNEY'S FEES AND COSTS

---

Matthew S. Sarelson, Esq.
Dhillon Law Group
2100 Ponce de Leon Blvd., Suite 1290
Coral Gables, Florida 33134
Telephone: (305) 773-1952
Email: msarelson@dhillonlaw.com

Daniel M. Samson
Samson Appellate Law
201 S. Biscayne Boulevard, #2700
Miami, Florida 33131
Telephone:  (305) 341-3055
Email:  dan@samsonappellatelaw.com

*Co-Counsel for Appellees/Cross-Appellants*

**ELLIOT GELBER, ET AL v. AKAL SECURITY, INC.**
<u>Case No. 18-14496-C</u>

**CERTIFICATE OF INTERESTED PERSONS
AND
<u>CORPORATE DISCLOSURE STATEMENT</u>**

Appellees/Cross-Appellants, Elliot Gelber, et al., submit this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review:

1.   Agular, Jorge, Plaintiff/Appellee/Cross-Appellant

2.   Akal Security, Inc., Defendant/Appellant/Cross-Appellee

3.   Ameneiro, Sandra, Plaintiff/Appellee/Cross-Appellan

4.   Anewrys, Rosario, Plaintiff/Appellee/Cross-Appellant

5.   Arteaga-Gomez, Manuel A., Esq., Counsel for Plaintiffs

6.   Baker, Cassandra, Plaintiff/Appellee/Cross-Appellant

7.   Batista, Sylvia, Plaintiff/Appellee/Cross-Appellant

8.   Catala, Ruben, Plaintiff/Appellee/Cross-Appellant

9.   Diaz, Fara, Plaintiff/Appellee/Cross-Appellant

10.  Gelber, Elliot, Plaintiff/Appellee/Cross-Appellant

11.  Grossman Roth Yaffa Cohen, Counsel for Plaintiffs

12.  Hernandez, Sigfredo, Plaintiff/Appellee/Cross-Appellant

13.  Hooker, Valerie Lorraine, Esq., Counsel for Defendant/Appellant/Cross-Appellee

*ELLIOT GELBER, ET AL v. AKAL SECURITY, INC.*

## Case No. 18-14496-C

**CERTIFICATE OF INTERESTED PERSONS**

**AND**

## CORPORATE DISCLOSURE STATEMENT

(Continued)

14.  Jackson Lewis, P.C., Counsel for Defendant/Appellant/Cross-Appellee

15.  Kaplan Young Moll Parron, Counsel for Plaintiffs/Appellees/Cross-Appellants

16.  Kelley Kronenberg, Counsel for Defendant/Appellant/Cross-Appellee

17.  Khalsa International Industries and Trade, Inc.-100 % Owner of Akal Security Inc., Appellant

18.  Lopez, Angel, Plaintiff/Appellee/Cross-Appellant

19.  Maciolek, Jennifer, Appellee

20.  McGrath, Tony H., Esq., Counsel for Defendant/Appellant/Cross-Appellee

21.  Melo, Alejandro, Appellee

22.  Moreno, Judge Federico A., U.S. District Court Judge

23.  Morera, Larezo, Plaintiff/Appellee/Cross-Appellant

24.  Pagan, Luis, Plaintiff/Appellee/Cross-Appellant

25.  Rassif, Jenna Reinhart, Esq., Counsel for Defendant/Appellant/Cross-Appellee

***ELLIOT GELBER, ET AL v. AKAL SECURITY, INC.***

<u>**Case No. 18-14496-C**</u>

**CERTIFICATE OF INTERESTED PERSONS**

**AND**

<u>**CORPORATE DISCLOSURE STATEMENT**</u>

(Continued)

26.   Rijos, Rey, Appellee

27.   Samson Appellate Law, Counsel for Plaintiffs/Appellees/Cross-Appellants

28.   Samson,   Daniel   M.,   B.C.S.,   Counsel   for Plaintiffs/Appellees/Cross-Appellants

29.   Santiago, Magalie, Plaintiff/Appellee/Cross-Appellant

30.   Sarelson,   Matthew   S.,   Esq.,   Counsel   for Plaintiffs/Appellees/Cross-Appellants

31.   Siri   Singh   Sahib   Corporation – 100 %   Owner   of   Khalsa International Industries and Trade, Inc.,

32.   Sparks, Derek H., Esq., Counsel for Defendant/Appellant/Cross-Appellee

33.   Tolentino, Carlos, Plaintiff/Appellee/Cross-Appellant

34.   Turnoff, William, United States Magistrate Judge

35.   Valbrum, Jean, Plaintiff/Appellee/Cross-Appellant

36.   Vila, Monica, Plaintiff/Appellee/Cross-Appellant

37.   Yero, Ruben, Plaintiff/Appellee/Cross-Appellant

*ELLIOT GELBER, ET AL v. AKAL SECURITY, INC.*

<u>Case No. 18-14496-C</u>

**CERTIFICATE OF INTERESTED PERSONS**

**AND**

<u>**CORPORATE DISCLOSURE STATEMENT**</u>
(Continued)

 

 

 

 

 

 

 

_____
/s/ Daniel M. Samson
Daniel M. Samson

## MOTION FOR APPELLATE ATTORNEY'S FEES AND COSTS

Appellees/Cross-Appellants, Elliot Gelber, et al. (Gelber), pursuant to Eleventh Circuit Rule 39-2, apply for an award of appellate attorney's fees and costs following the Court's September 30, 2021 opinion affirming the final judgement.

1. This is an appeal and cross/appeal arising from an action pursuant to the Fair Labor Standards Act (FLSA).  September 30, 2021 Opinion (Opinion) at 3. Gelber asserted a main claim for unpaid wages resulting from non bona-fide meal periods, and secondary claims for treble damages contending Appellant/Cross Appellee Akal Security, Inc. (Akal) had acted willfully. Opinion at 3-4.  This Court affirmed the district court's rulings that Akal was liable for unpaid wages, but had not acted willfully.  Opinion.

2. On December 1, 2021, the Court denied Akal's motion for panel rehearing and rehearing *en banc*.

3. Gelber is entitled to a reasonable award of attorney's fees and costs. "Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.' 29 U.S.C. § 216(b)." *Walker v. Iron Sushi LLC*, 752 Fed. Appx. 910, 913 (11th Cir. 2018).

4. Despite prevailing only on the main claim for unpaid wages, Gelber is the prevailing party because a judgment was entered in his favor for unpaid

1

wages.  By affirming the district court's rulings in total, the Court retained the same prevailing party analysis.

5.   Attached to this application as Composite Exhibit 1 are summaries of work performed by the two firms who provided legal services to Gelber on this appeal.   Also attached, as Composite Exhibit 2 are the time records that document all work for which a fee award is claimed.

6.   Attached to the Motion as Exhibit 3 are the affidavits of Gelber's counsel, attesting to the truthfulness of the information contained in this application and demonstrating the basis for the hourly rates requested.

7.   Simultaneously with this Motion, Gelber has also filed a motion, pursuant to local rule 39-2(d), to transfer consideration of the fee application to the district court.

Respectfully submitted,

Matthew S. Sarelson, Esq.
  Florida Bar No. 888281
Dhillon Law Group
2100 Ponce de Leon Blvd., Suite 1290
Coral Gables, Florida 33134
Telephone: (305) 773-1952
Email: msarelson@dhillonlaw.com

Daniel M. Samson, B.C.S.
  Florida Bar No. 866911
Samson Appellate Law
201 S. Biscayne Boulevard, #2700
Miami, Florida 33131
Telephone:  (305) 341-3055
Facsimile:  (305) 379-3428
Email:  dan@samsonappellatelaw.com
       leah@samsonappellatelaw.com


By:  _____/s/ Daniel M. Samson_____
       Daniel M. Samson


*Co-Counsel for Appellees/Cross-Appellants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.  I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Daniel M. Samson
Daniel M. Samson

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.  This motion uses Times New Roman 14-point typeface and contains 365 words.

/s/ Daniel M. Samson
Daniel M. Samson

# Composite

# Exhibit 1

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Daniel Samson _____

Total compensation requested for this person: $65,940 _____

Hourly rate of compensation requested for this person: $600 _____

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other: _____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | 29.3 |
| Legal research | 11 |
| Brief writing | 26.2 |
| Preparing for and attending oral argument | 30.4 |
| Other (specify on additional sheets if necessary): | |
| Total hours claimed for this person | 109.9 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

Attachment


Perfecting the appeal   2.5 hours

Mediation statement   5.4 hours

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Matthew Sarelson _____

Total compensation requested for this person: $14,520.00 _____

Hourly rate of compensation requested for this person: $600 _____

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other: _____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | 2.4 |
| Brief writing | 13 |
| Preparing for and attending oral argument | 5 |
| Other (specify on additional sheets if necessary): | See fee records attached to my affidavit |
| Total hours claimed for this person | 24.2 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# Composite Exhibit 2

# Samson Appellate Law

201 S. Biscayne Blvd #2700
Miami, FL 33131
Phone: 305-354-3055

## INVOICE

**Date:** 12/14/2021
**Invoice #:** 50
**Matter:** Akal Security appeal
**File #:** 3225

**Bill To:**
Elliot Gelber

**Due Date:** 01/13/2022

**Payments received after 12/14/2021 are not reflected in this statement.**

### Professional Services

| Date | | Details | Hours | Rate | Amount |
|------|---|---------|-------|------|--------|
| 11/05/2018 | DMS | draft and file appearance of counsel form for DMS and MSS; draft notice of cross appeal | 0.70 | $600.00 | $420.00 |
| 11/07/2018 | DMS | draft FRAP 10b notice | 0.40 | $600.00 | $240.00 |
| 11/15/2018 | DMS | draft FRAP 10b motion | | $600.00 | $0.00 |
| 11/19/2018 | DMS | draft and file civil appeal statement and certificate of interested persons | 1.20 | $600.00 | $720.00 |
| 01/02/2019 | DMS | transcript order form | 0.20 | $600.00 | $120.00 |
| 01/03/2019 | DMS | work on mediation statement; communicate with co and opposing counsel re attendance at mediation | 3.20 | $600.00 | $1,920.00 |
| 01/04/2019 | DMS | complete mediation statement; | 2.20 | $600.00 | $1,320.00 |
| 08/10/2019 | DMS | review and analyze trial transcripts | 4.80 | $600.00 | $2,880.00 |
| 08/14/2019 | DMS | finish review of trial transcripts | 3.40 | $600.00 | $2,040.00 |
| 09/06/2019 | DMS | review and analyze summary judgment hearing; review and analyze summary judgment papers | 4.40 | $600.00 | $2,640.00 |
| 09/09/2019 | DMS | review appellate record including deposition transcripts | 6.20 | $600.00 | $3,720.00 |
| 09/09/2019 | DMS | finish review of summary judgment papers and deposition transcripts | 6.00 | $600.00 | $3,600.00 |
| 09/10/2019 | DMS | continue review of deposition transcripts | 5.00 | $600.00 | $3,000.00 |
| 09/11/2019 | DMS | review case law cited in pertinent district court documents; research appellate issues | 4.80 | $600.00 | $2,880.00 |

**Samson Appellate Law**
201 S. Biscayne Blvd #2700
Miami, FL 33131
Phone: 305-354-3055

| Date | Staff | Description | Hours | Rate | Amount |
|------|-------|-------------|-------|------|--------|
| 09/13/2019 | DMS | continue research appellate issues | 6.20 | $600.00 | $3,720.00 |
| 09/15/2019 | DMS | draft jurisdiction and course of proceedings, and begin statement of case and facts | 5.30 | $600.00 | $3,180.00 |
| 09/16/2019 | DMS | continue drafting statement of facts | 5.30 | $600.00 | $3,180.00 |
| 09/18/2019 | DMS | finish statement of facts; draft summary of argument | 2.80 | $600.00 | $1,680.00 |
| 09/20/2019 | DMS | work on argument section regarding appeal | 5.20 | $600.00 | $3,120.00 |
| 09/22/2019 | DMS | work on appeal section of argument | 3.20 | $600.00 | $1,920.00 |
| 09/23/2019 | DMS | research regarding appellate issues on main appeal; finish drafting appeal argument section | 4.40 | $600.00 | $2,640.00 |
| 09/24/2019 | DMS | review and analyze case law on cross appeal | 2.50 | $600.00 | $1,500.00 |
| 09/25/2019 | DMS | work on cross-appeal argument; revise and edit brief up to cross-appeal | 7.70 | $600.00 | $4,620.00 |
| 09/26/2019 | DMS | finish drafting cross-appeal argument; research re appellate issues; revise and edit brief | 8.70 | $600.00 | $5,220.00 |
| 09/27/2019 | DMS | finalize brief of appellee/cross-appellant including MSS edits; work with CP re tables; final edits | 4.60 | $600.00 | $2,760.00 |
| 01/08/2021 | DMS | oral argument preparation | 5.20 | $600.00 | $3,120.00 |
| 01/11/2021 | DMS | oral argument preparation | 5.20 | $600.00 | $3,120.00 |
| 01/12/2021 | DMS | oral argument preparation; t/c with MSS | 6.80 | $600.00 | $4,080.00 |
| 01/13/2021 | DMS | oral argument preparation | 5.70 | $600.00 | $3,420.00 |
| 01/14/2021 | DMS | oral argument preparation | 7.50 | $600.00 | $4,500.00 |

|  | **For professional services rendered** | **128.80** | | **$77,280.00** |
|--|--|--|--|--|

|  | **Invoice Amount** | **$77,280.00** |
|--|--|--|
|  | **Balance Due** | **$77,280.00** |
|  | **Retainer Balance (as of 12/14/2021)** | **$0.00** |

DocuSign Envelope ID: 12E5ABDC-9E12-4C4F-9D97-63B6DBEF07E9

Case 1:16-cv-23170-FAM Document 270 Entered on FLSD Docket 01/11/2022 Page 19 of 59
USCA11 Case: 18-14496 Date Filed: 02/15/2022 Page: 17 of 24

# Matthew Seth Sarelson, P.A.

# INVOICE

2100 Ponce de Leon, Suite 1290
Coral Gables, Fl 33146
United States
www.sarelson.com

Invoice # 160
Date: 12/14/2021
Due On: 01/13/2022

Elliott Gelber

## 00009-Gelber

## Eleventh Circuit Appeal of Gelber v. Akal Security

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 11/19/2018 | Review and approve civil appeal statement and cert of interest persons | 0.30 | $600.00 | $180.00 |
| Service | 06/28/2019 | Review Akal's initial brief and analyze our response and strategy | 2.00 | $600.00 | $1,200.00 |
| Service | 09/24/2019 | conf with DS re: appeal prep; work on | 1.00 | $600.00 | $600.00 |
| Service | 09/26/2019 | review and revise response brief; emails and t/c with DS re: same | 8.00 | $600.00 | $4,800.00 |
| Service | 09/26/2019 | Review and revise Answer brief; t/c and conf with DMS re | 4.00 | $600.00 | $2,400.00 |
| Service | 04/21/2020 | Review Akal's supplemental authority | 0.20 | $600.00 | $120.00 |
| Service | 06/10/2020 | Review Akal's second supplemental authority | 0.20 | $600.00 | $120.00 |
| Service | 01/12/2021 | oral argument prep with Dan S. | 1.50 | $600.00 | $900.00 |
| Service | 01/14/2021 | prepare for Oral Argument with Dan | 3.50 | $600.00 | $2,100.00 |
| Service | 09/30/2021 | Review opinion and analyze potential rehearing issues; correspondence w/ clients re: opinion and potential for hearing or future appeals | 1.00 | $600.00 | $600.00 |
| Service | 10/21/2021 | Review Akal's motion for rehearing and rehearing en banc; analyze potential response and viability of the motion | 1.00 | $600.00 | $600.00 |
| Service | 12/14/2021 | prepare motion for fees; multiple emails and t/c with Dan Samson re: same; prepare affidavit in support of fees | 1.50 | $600.00 | $900.00 |

**Total** $14,520.00

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 160 | 01/13/2022 | $14,520.00 | $0.00 | $14,520.00 |
| | | | **Outstanding Balance** | **$14,520.00** |
| | | | **Total Amount Outstanding** | **$14,520.00** |

Please make all amounts payable to: **Matthew Seth Sarelson, P.A.**  Wire information:

Beneficiary Name: Matthew Seth Sarelson, P.A.

Payment is expected within 10 days.  Please call 305.773.1952 or email msarelson@sarelson.com with any questions. Overdue invoices accrue interest at 18% annually.

# Composite Exhibit 3

## AFFIDAVIT OF DANIEL M. SAMSON

Before me, the undersigned, personally appeared Daniel M. Samson, who being first duly sworn and cautioned, deposes and says as follows:

1.     I am a member in good standing of the Florida Bar, having been admitted to practice in Florida in 2004.

2.     I am also a member in good standing of the Bar of the United States Court of Appeals for the Eleventh Circuit.

3.     I am lead appellate counsel for the Appellees/Cross-Appellants in *Elliot Gelber, et. al v. Akal Security Inc.,* Eleventh Circuit Case No. 18-14496-C.

4.     In addition to the standard summaries in Composite Exhibit 1 of appellants' application for appellate attorneys' fees are, Composite Exhibit 2, the time records for work performed on this appeal by my law firm that are being requested by this application. For those fees being requested, these time records accurately and completely reflect the time that was expended in working on this appeal by shareholders and associates. The total fees being requested are $65,940.

5.     Because Gelber prevailed only on the main appeal regarding the main claim for unpaid wages, and not on the cross-appeal, time entries dated 9/24/19, 9/25/19, and 9/2619 – totaling $11,340 have not been included in the standard summaries or the total fees set forth in paragraph 4, *supra*.

6.     A rate of $600 an hour is reasonable. I have been practicing as an appellate attorney for 17 years. I clerked for the Honorable Barbara Lagoa. I have been board certified by the Florida Bar for 5.5 years. In my experience, the rates charged for my firm's legal services are consistent with the rates for similar services by lawyers of reasonably comparable skills, experience, and reputation in the relevant legal community.

7.     The hours expended in the litigation of this appeal are consistent with

1

the time necessary for handling similar appeals, taking into consideration the nature and complexity of the legal issues.

FURTHER AFFIANT SAYETH NOT.

_____
                    Daniel M. Samson

STATE OF FLORIDA            )
                            ) SS:
COUNTY OF MIAMI-DADE   )

The foregoing affidavit was acknowledged, sworn to and subscribed before me this _15_ day of December, 2021, by Daniel M. Samson, who personally appeared before me, is personally known by me and did take an oath.

Notary: _____

[NOTARIAL SEAL]

Print Name: _Alexander Payano_

Notary Public, State of _Florida_

My commission expires: _06/14/2024_

Notary Public State of Florida
Alexander Payano
My Commission HH 009925
Expires 06/14/2024

2

DocuSign Envelope ID: 12E5ABDC-9513-4C4F-9D97-63B6DBEF0759

Case 1:16-cv-23170-FAM   Document 270   Entered on FLSD Docket 01/11/2022   Page 24 of 59
USCA11 Case: 18-14496   Date Filed: 02/15/2022   Page: 22 of 24

## DECLARATION OF MATTHEW SETH SARELSON

Pursuant to 28 U.S.C. § 1746, I declare the following:

1.      I am a member in good standing of The Florida Bar, having been admitted to practice in Florida in 2004.  I am also member in good standing of the bars of New York and Washington, D.C.

2.      I am also a member in good standing of the bars of the United States Court of Appeals for the Fifth, Seventh, Eighth, Ninth and Eleventh Circuits, and the United States Supreme Court.

3.      I was lead trial counsel at the district court level for the Appellees/Cross-Appellants in *Elliot Gelber, et. al v. Akal Security Inc.,* Eleventh Circuit Case No. 18-14496-C.  I assisted our lead appellate counsel Dan Samson is preparing our appeal, including revising the briefs and preparing for oral argument. This entire action was handled on a pure contingency fee, with the lawyers paying all costs.  It was taken with the understanding that any fee would come from either a settlement of our fee request or a court award of fees and costs under the FLSA.

4.      The time record for my compensable time is attached as Exhibit A.  I have omitted time billed to the unsuccessful, albeit secondary, cross-appeal.  I have omitted routine conversations and communications between me and our lead appellate counsel Dan Samson.  We have had numerous phone calls, emails and

1

conferences discussing this appeal since we first obtained the final judgment in October 2018.

5.    I am requesting $14,520.00 for our successful appeal, constituting 24.2 hours at $600.00 per hour.

6.    A rate of $600 an hour is reasonable.  I have been practicing as a federal litigator for 17 years.  I clerked for the Honorable Frank A. Shephard, former Chief Judge of Florida's Third District Court of Appeals.  I practice primarily in federal court handling complex litigation.  I have handled numerous appellate arguments and briefing in CA5, CA7, CA8, CA9, CA11 and the U.S. Supreme Court, as well as multiple state court appeals.  In my experience, the rates charged for my firm's legal services are consistent with the rates for similar services by lawyers of reasonably comparable skills, experience, and reputation in the relevant legal community.  My current standard rate is $750.00 per hour.  I generally discount my hourly rate to $600.00 or $650.00 per hour.  I currently charge the lowest hourly rate of any partner at my Firm.  My requested rate of $600 is well below the rate my partners charge.  In requesting an hourly rate of $600, I am aware that a court awards fees using a reasonable rate at the time of the award and does not lower the reasonable rate to historic levels.  *See Norman v. Housing Authority of the City of Montgomery*, 836 F. 2d 1292, 1302 (11th Cir. 1988).

7.    The hours expended in the litigation of this appeal are consistent with

2

DocuSign Envelope ID: 12F5ABDC-8F12-4C4F-9D97-63B6DBEF0759

the time necessary for handling similar appeals, taking into consideration the nature and complexity of the legal issues. This was an extremely complicated appeal requiring detailed analysis of the FLSA's complicated, and at times contradictory and ambiguous statutory and regulatory scheme. This was not at all a garden variety FLSA action where the parties dispute the hours worked.

8.      As lead counsel, we decided that my trial co-counsel, Alex Arteaga, would not bill time to this appeal. We handled this appeal as leanly as possible, with Dan Samson taking the lead and me assisting with the record and arguments from the district court. We avoided billing time to paralegals or junior attorneys to avoid unnecessary duplicative billing all too common at large law firms.

I declare under penalty of perjury that the foregoing is true and correct.

DocuSigned by:

*Matthew Sarelson*

59E495C365F24CB...

_____

Matthew Seth Sarelson, Esq.

12/14/2021

Executed on _____

3

## CASE NO. 18-14496-C

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

**ELLIOTT GELBER, and all others similarly situated.**

*Appellees/Cross-Appellants*

v.

**AKAL SECURITY, INC.**

*Appellant/Cross-Appellee*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF FLORIDA
## CIVIL ACTION NO. 1:16-cv-23170-MORENO

## AKAL'S OBJECTION TO MOTION FOR
## APPELLATE ATTORNEY'S FEES & COSTS
## AND RESPONSE TO MOTION TO TRANSFER

**Jenna Rinehart Rassif (FBN 56855)**
**E-mail: jenna.rassif@jacksonlewis.com**
**Tony H. McGrath, Esq. (WBN 1042806)**
**E-mail: tony.mcgrath@jacksonlewis.com**
**Valerie L. Hooker, Esq. (FBN 113688)**
**E-mail: valerie.hooker@jacksonlewis.com**
**JACKSON LEWIS P.C.**
**2 South Biscayne Boulevard, Suite 3500**
**Miami, FL 33131**
**Telephone: 305-577-7600**
**Facsimile: 305-373-4466**
*Attorneys for Appellant/Cross-Appellee Akal Security, Inc.*

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
**Case No.: 18-14496-C**

## APPELLANT'S CORPORATE DISCLOSURE STATEMENT & CERTIFICATE OF INTERESTED PARTIES

Appellant/Cross-Appellee, Akal Security, Inc. ("Appellant"), pursuant to Rule 26.1, Federal Rules of Appellate Procedure, and 11th Cir. R. 26.1-1, 1-2, 1-3, hereby submits its Certificate of Interested Persons and Corporate Disclosure Statement and certifies that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular appeal:

1.  Agular, Jorge – Appellee

2.  Akal Security, Inc. – Appellant

3.  Ameneiro, Sandra – Appellee

4.  Arteaga-Gomez, Manuel A. – Attorney for Appellees

5.  Baker, Cassandra – Appellee

6.  Batista, Sylvia – Appellee

7.  Catala, Ruben – Appellee

8.  Dhillon Law Group, Inc. – Attorneys for Appellees

9.  Diaz, Fara – Appellee

10. Gelber, Elliott – Appellee

11. Grossman Roth Yaffa Cohen, P.A. – Attorneys for Appellees

12. Hernandez, Sigfredo – Appellee

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*

<u>Case No.: 18-14496-C</u>

13.   Hooker, Valerie – Attorney for Appellant

14.   Jackson Lewis, P.C. – Attorneys for Appellant

15.   Kaplan Young Moll Parron – Attorneys for Appellees

16.   Kelley Kronenberg – Attorneys for Appellant

17.   Khalsa International Industries and Trade, Inc. – 100% Owner of Akal

Security, Inc.

18.   Lopez, Angel – Appellee

19.   Maciolek, Jennifer – Appellee

20.   Matthew Seth Sarelson, P.A. – Attorneys for Appellees (also

previously identified as "Matthew S. Sarelson, P.A.")

21.   McGrath, Tony H. – Attorney for Appellant

22.   Melo, Alejandro – Appellee

23.   Moreno, Federico A. – United States District Court Judge, Southern

District of Florida, Miami Division

24.   Morera, Lazaro – Appellee

25.   Pagan, Luis – Appellee

26.   Rassif, Jenna Rinehart – Attorney for Appellant

27.   Rijos, Rey – Appellee

28.   Rosario, Anewrys – Appellee (also previously identified as "Anewrys,

Rosario")

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
<u>**Case No.: 18-14496-C**</u>

29.   Samson, Daniel M. – Attorney for Appellees

30.   Samson Appellate Law – Attorneys for Appellees

31.   Santiago, Magalie – Appellee

32.   Sarelson, Matthew S. – Attorney for Appellees

33.   Siri Singh Sahib Corporation – 100% Owner of Khalsa International

      Industries and Trade, Inc.

34.   Sparks, Derek H. – Attorney for Appellant

35.   Tolentino, Carlos – Appellee

36.   Turnoff, William – United States Magistrate Judge

37.   Valbrum, Jean – Appellee

38.   Vila, Monica – Appellee

39.   Yero, Ruben – Appellee

No publicly-held corporation owns 10% or more of Appellant Akal Security, Inc.'s
stock.

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
<u>Case No.: 18-14496-C</u>

## AKAL'S OBJECTION TO MOTION FOR
## APPELLATE ATTORNEY'S FEES & COSTS
## <u>AND RESPONSE TO MOTION TO TRANSFER</u>

Appellant/Cross-Appellee Akal Security, Inc. ("Akal"), pursuant to Eleventh

Circuit Rule 39-2(c), hereby objects to Appellees/Cross-Appellants' (the "ASOs")

Motion for Appellate Attorney's Fees and Costs and responds to Appellee's

Motion to Transfer Consideration of its Applications for Appellate Attorneys' Fees

and Costs.

### <u>DISCUSSION</u>

Because the ASOs are the party requesting fees, they bear the burden of

"establishing entitlement and documenting the appropriate hours and hourly rates."

*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th

Cir. 1988).  This burden includes supplying the court with specific and detailed

evidence from which it can determine the reasonable hourly rate, maintaining

records to show the time spent on the different claims, and setting out with

sufficient particularity the general subject matter of the time expenditures so that

the court can assess the time claimed for each activity.  *ACLU v. Barnes*, 168 F.3d

423, 427 (11th Cir. 1999).  Courts should consider evidence of prevailing views

among practitioners on the reasonableness of such fees, but generalized statements

that time spent was reasonable or unreasonable are not entitled to much weight.

*Norman*, 836 F.2d at 1301.

1

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
<u>Case No.: 18-14496-C</u>

Federal courts use the lodestar method to calculate a reasonable award of attorney fees. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (*per curiam*). The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty Cty Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

The most critical factor in setting the fee rate is the going rate in a particular community. *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990); *see also Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers*, 34 F.3d 1148 (2d Cir. 1994) (court should use the district in which the court sits as the prevailing community). Because the Court is itself an expert on attorneys' fees, it may consider its own knowledge and experience and award attorneys' fees based solely on affidavits in the record. *Norman*, 836 F.2d at 1303.

The Court must also make a determination that the number of hours included in the lodestar calculation is reasonable. Excessive, redundant, and unnecessary

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
Case No.: 18-14496-C

hours should be excluded from a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Supreme Court requires fee applicants to exercise "billing judgment." *Id.*; *Barnes*, 168 F.3d at 428. Exclusions for excessive hours are ultimately left to the discretion of the Court. *Id.*

Once the lodestar is calculated (reasonable rate multiplied by reasonable hours), the Court may adjust that number up or down before making a final award. The court may undertake a balancing process, taking numerous factors into account, exercising its discretion to assess the weight to be given to each factor, and making an appropriate adjustment to the lodestar amount. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *see also Cable/Home Communication Corp. v. Network Prod'ns*, 902 F.2d 829, 853 n. 37 (11th Cir. 1990); *Marion v. Barrier*, 694 F.2d 229, 231 (11th Cir. 1982).

## I.   Recent Fee Awards Do Not Support A $600 Hourly Rate.

The ASOs' request for a $600 per hour rate for their lawyers is significantly higher than recent fee awards for plaintiff-side FLSA lawyers in the South Florida. Prevailing parties are not awarded the hourly rate that the "lions at the bar may command." *Van Ooteghem v. Gray*, 774 F.2d 1332, 1338 (5th Cir. 1985). Rather, they must be awarded a rate that is based on the prevailing market for the services provided.

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
Case No.: 18-14496-C

Courts in South Florida have noted that the market is flooded with experienced FLSA lawyers. *Medrano v. Mi Colombia Bakery, Inc.*, No. 11-23916-CIV, 2013 U.S. Dist. LEXIS 60135, at *2 (S.D. Fla. Jan. 10, 2013) (there is "now an abundance of experienced litigators available to handle such cases, even where vigorously defended through trial").  An abundance of supply necessarily drives down what can be awarded by the courts as part of the lodestar analysis.

As an initial matter, the ASOs have failed to meet their burden of proving that the requested hourly rates are reasonable.  The party applying for fees bears the burden of establishing the reasonableness of the proffered rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (*per curiam,* affirming district court decision included as appendix to decision).  The moving party must produce actual evidence of a reasonable rate beyond a statement from their own counsel. *Norman*, 836 F.2d at 1299.  This Court has unequivocally stated that "[s]atisfactory evidence at a minimum is <u>more than</u> the affidavit of the attorney performing the work." *Id*. (emphasis added)).  Testimony that merely concludes that a rate is "reasonable" without discussion of "rates actually billed and paid in similar lawsuits" is "unsatisfactory evidence of market rate." *Id*.

Here, the ASOs have done <u>exactly</u> what *Norman* instructs them not to do. The only evidence submitted in support of the requested $600/hour rate are affidavits of the two attorneys performing the work.  Neither lawyer testifies about

4

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
<u>Case No.: 18-14496-C</u>

any rates actually billed, paid, or awarded to them.  They merely offer the self-serving conclusion that their requested rate is reasonable.  The ASOs, therefore, have not met their burden of proof that the requested hourly rates are reasonable and should be included in the lodestar.

Moreover, after the trial on this matter in 2018, the ASOs' lead counsel asked the district court to award him an hourly rate of $475.  (R. 255 at 2).  The district court opted not to address the ASOs' motion while the appeal was pending.  (R. 258).  The ASOs offer no explanation why their attorney's requested hourly rate has increased by $125 in three years.  Nor do the ASOs cite to any case awarding their lawyers an hourly rate anywhere near $600.  Akal has not found any such case on Lexis.

In fact, the rate requested by the ASOs' counsel far exceeds the hourly rates awarded by courts in similar cases.  Recent cases demonstrate that courts in South Florida most commonly award an hourly rate between $325 and $375 per hour to plaintiff-side FLSA lawyers.  *See, e.g.*, *Ramos v. Arba Constr.*, No. 20-25192-CIV-GRAHAM/MCALILEY, 2021 U.S. Dist. LEXIS 161223, at *4 (S.D. Fla. Aug. 25, 2021) (reducing requested rate from $310 to $250/hour); *Williams v. Janice M. Riley*, No. 19-CV-62004-SMITH/VALLE, 2021 U.S. Dist. LEXIS 149384, at *7-8 (S.D. Fla. Aug. 5, 2021) (reducing requested rate of $400 to $375); *Pierre-Louis v. Baggage Airline Guest Servs.*, No. 19-cv-61306-RAR/Becerra, 2021 U.S. Dist.

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
Case No.: 18-14496-C

LEXIS 146340, at *41 (S.D. Fla. Aug. 4, 2021) (reducing requested rate for 21-year lawyer from $600 to $425); *Pena v. Dsm Logistics Corp V*, No. 20-CV-62216-SMITH/VALLE, 2021 U.S. Dist. LEXIS 122836, at *7 (S.D. Fla. June 29, 2021) (reducing requested rate for 27-year lawyer from $425 to $375); *Anzardo v. Aqua Holdings*, No. 19-60629-CIV-DIMITROULEAS/HUNT, 2021 U.S. Dist. LEXIS 87057, at *6 (S.D. Fla. May 6, 2021) (awarding $375 to experienced counsel in FLSA case); *Tissone v. Osco Food Servs*., No. 19-CV-61358-SMITH/VALLE, 2021 U.S. Dist. LEXIS 26518, at *12 (S.D. Fla. Feb. 10, 2021) (awarding $350 for 20 year lawyer); *Garcia v. J & J*, No. 19-CV-60728-BLOOM/VALLE, 2021 U.S. Dist. LEXIS 20468, at *14 (S.D. Fla. Feb. 1, 2021) (awarding $350 for partner in FLSA case); *Nixon v. Broadway Joe's Drive-In, LLC*, No. 20-80886-CV-MIDDLEBROOKS, 2021 U.S. Dist. LEXIS 13928, at *13 (S.D. Fla. Jan. 22, 2021) ($375 for managing attorney in FLSA case); *Grubbs v. A-1 Gutters & More, LLC*, Case No.17-14304-CIV-ROSENBERG/MAYNARD, 2018 U.S. Dist. LEXIS 110241 (S.D. Fla. June 29, 2018) (awarding $325/hour for attorney with 21 years of FLSA experience); *Rodriguez v. RMK World Wide Inc.*, Case No. 17-60921-CIV-GAYLES/SELTZER, 2018 U.S. Dist. LEXIS 1572002 (S.D. Fla. Sept. 12, 2018) (awarding $350/hour after $425/hour request in light of 24 years' experience); *Mendez v. Model Row Inc.*, Case No. 17-81104-CIV-Rosenberg/Reinhart, 2018 U.S. Dist. LEXIS 136437 (S.D. Fla. Aug. 10, 2018)

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
**Case No.: 18-14496-C**

(awarding $350); *Salinas v. Ramsay*, Case No. 03-22046-CIV-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 166551 (S.D. Fla. Sept. 26, 2018) (awarding $375/hour in recognition of appellate experience since prior $350/hour awards).

By way of contrast, Akal's partner-level attorneys in this case have billed at a rate of $320 per hour.[1] (Declaration of Tony H. McGrath ["McGrath Dec."], ¶¶ 3-5.) Akal's lead counsel for this matter, Jenna Rinehart Rassif, has significantly more experience than either of the ASOs' partner-level lawyers, and has billed at a rate of $320 per hour for the duration of this case. (McGrath Dec., ¶ 4). The ASOs' counsel cannot plausibly argue for a higher rate than Attorney Rassif, let alone $600 per hour.

Consistent with the recent awards for plaintiff-side FLSA lawyers, and the rates actually charged by Akal's counsel in this matter, the Court should find that a reasonable hourly rate for both Attorney Sarelson and Attorney Samson is $320 per hour.

---

[1] Ironically, the ASOs previously referred to Akal's counsel as "highly talented and <u>expensive</u> defense attorneys." (R:255 at 7 (emphasis added)).

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
<u>Case No.: 18-14496-C</u>

## II.   <u>The Number of Hours In The Lodestar Calculation Must Be Reduced</u>

### A.   The Hours Requested By The ASOs Must Be Reduced To Exclude Time Spent On Issues They Lost

The ASOs' counsel "do not have the right to bill…for time on issues on which they do not prevail." *Walker v. United States HUD*, 99 F.3d 761 (5th Cir. 1996) (*citing Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 784 (1989)).  Because the ASOs prevailed only on one element of this appeal – and affirmatively lost their appeal on the issues of good faith and willfulness – they must parse their time entries to exclude work related to the issues they lost.

While Attorney Samson identifies specific dates and amounts devoted to the losing cross-appeal that he has not sought to recover, his analysis is not complete and the ASOs fee request contains a significant number of hours devoted to the ASOs' losing cross-appeal.  For example, the only issues that went to trial were Akal's defenses of good faith and lack of willfulness.  Akal prevailed on both issues; the ASOs lost.  Yet, Attorney Samson seeks an award of fees for reviewing trial transcripts:

- "review and analyze trial transcripts" – 4.80 hours

- "finish review of trial transcripts" – 3.40 hours

These 8.2 hours relate solely to the issues on which the ASOs lost.  The ASOs have no claim to recovery attorneys' fees for this work.

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
<u>Case No.: 18-14496-C</u>

Similarly, Attorney Samson billed 18.9 hours (most of which is block-billed) to briefing on the ASOs' losing cross-appeal:

- "review and analyze case law on cross appeal" – 2.50 hours

- "work on cross appeal argument; revise and edit brief up to cross-appeal" – 7.70 hours

- "finish drafting cross-appeal argument; research re appellate issues; revise and edit brief" – 8.70 hours

These 18.9 hours should not be included in the lodestar as they relate to the cross-appeal.

For his part, Attorney Sarelson billed 12 hours in a single day to the briefing on this matter.   Attorney Sarelson block-billed these two entries and failed to specify if he was working on the brief on the main appeal or the cross-appeal. Accordingly, 6 of the 12 hours should be excluded from the lodestar.

Finally, Attorney Samson billed 30.4 hours to "oral argument preparation." Attorney Sarelson bill 5.0 hours.  Both attorneys used vague descriptions that do not permit the Court to ascertain whether they were preparing to argue the single issue on which the ASOs prevailed or the issues on which the ASOs lost.   In addition, the vague descriptions provided by counsel do not provide the Court with enough information to determine how much of this time was necessary and reasonable.  Accordingly, 50% of the 35.4 hours for argument preparation, or 17.7

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
Case No.: 18-14496-C

hours, should be excluded from the lodestar as devoted to issues on which the ASOs were not a prevailing party.

Altogether, the hours requested should be reduced by 50.8 to reflect time spent on issues on which the ASOs did not prevail.

**B.    The ASOs Have Not Demonstrated That Counsel Properly Exercised Billing Judgment; Counsel Should Not Be Rewarded For Block Billing**

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley*, 461 U.S. at 434). The exercise of billing judgment requires counsel for a party requesting a fee award to review their bills and exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (emphasis in original)). This is typically accomplished by counsel for the moving party reviewing their bills prior to filing a motion for an award of attorney fees, and then submitting an affidavit explaining the number of hours that they wrote off in an exercise of billing judgment.

If a fee applicant does not exercise billing judgment, "courts are obligated to do it for them…Courts are not authorized to be generous with the money of others…" *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301). If a

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
Case No.: 18-14496-C

court concludes that the number of claimed hours is excessive, it may engage in "an across-the-board cut," so long as it provides adequate explanation for the decrease. *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (*per curiam*); *see also Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996) ("The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment.").

Here, Attorney Samson's attempt at exercising billing judgment is limited to identifying certain time entries for which he is not seeking an award because they relate to the ASOs losing cross-appeal. As noted *supra*, his list was incomplete. Attorney Sarelson does not give the Court any information to determine whether or not he properly exercised billing judgment. Rather, he states only that he has "omitted time billed to the unsuccessful" cross-appeal. These inaccurate, vague, and conclusory statements are not sufficient evidence that the ASOs' counsel have exercised appropriate billing judgment.

In addition, many of the ASOs' counsels' time entries in this appeal are block billed. As a result, it is impossible to ascertain whether the amount of time spent on any task was reasonable or not. The practice of block billing is strongly discouraged. *See, e.g., Anderson v. Surgery Ctr. of Cullman, Inc.*, 839 F. App'x 364, 373 (11th Cir. 2020). Block billing impedes the Court's analysis because it

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
<u>Case No.: 18-14496-C</u>

does not allow the Court to see how much time was spent on any given task or analyze that amount of time for reasonableness and necessity.  *See, e.g., St. Louis Condo. Ass'n v. Rockhill Ins. Co.*, No. 18-21365-Civ-WILLIAMS/TORRES, 2019 U.S. Dist. LEXIS 177287, at *16 (S.D. Fla. Oct. 10, 2019).

"The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker v. HUD.*, 99 F.3d 761, 770 (5th Cir. 1996); *see also Royal Bahamian Ass'n v. QBE Ins. Corp.*, No. 10-21511-CIV-MORE, 2011 U.S. Dist. LEXIS 163521, at *30 (S.D. Fla. May 18, 2011) (applying a 10% reduction for lack of billing judgment).  Likewise, an across-the-board cut to the number of hours in the lodestar analysis is appropriate when entries are block billed.  *See, e.g.*, *Oravec v. Sunny Isles Luxury Ventures L.C.*, Case No. 04-22780-CIV-SEITZ/O'SULLIVAN, 2010 U.S. Dist. LEXIS 32390, *12-13 (S.D. Fla. Mar. 31, 2010) (25%-35% reduction).

Because the ASOs' have failed to demonstrate that they properly exercised billing judgment in their fee petition, and because numerous entries in the ASOs' counsels' bills are block billed, Akal requests that this Court reduce the number of hours in the lodestar calculation by 10%.

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
Case No.: 18-14496-C

**C.   ASOs Cannot Recover Attorneys' Fees For Clerical Tasks**

It is well-established that an applicant "is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman*, 836 F.2d at 1306; *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1297 (S.D. Fla. 2010); *see also Graves v. Plaza Med. Ctrs., Corp.*, Case No. 1:10-23382-CV-MORENO/LOUIS, 2018 U.S. Dist. LEXIS 87459 (S.D. Fla. May 23, 2018).   Such tasks are simply not recoverable on a motion for attorney fees.   *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) ("[t]asks of a clerical nature are not compensable as attorneys fees."); *Montgomery v. Florida First Fin. Grp., Inc.*, Case No. 6:06-cv-1639-Orl-31KRS, 2008 U.S. Dist. LEXIS 115123, *13 (M.D. Fla. July 21, 2008) (adopting recommendation stating that work that is "purely clerical in nature, such as contacting court reporters,...mailing, filing, and delivering documents is not compensable.").

Here, Attorney Samson charges his full rate for clerical tasks such as:

- "draft and file appearance of counsel form…" – 0.70 hours (block billed)

- "draft FRAP 10b notice" – 0.40 hours

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
**Case No.: 18-14496-C**

- "draft and file civil appeal statement and certificate of interested persons" – 0.20 hours

- "transcript order form" – 0.20 hours

These are not tasks that require legal education to perform and should not be billed to a client by an attorney at his full rate.  A total of 1.5 hours should be excluded from the lodestar calculation.

### D.   The ASOs Cannot Recover For Vague Time Entries And Excessive Hours

Likewise, the ASOs cannot recover for hours that are only vaguely described or excessive.  *Hensley*, 461 U.S. at 434 ("excessive" hours should be excluded from lodestar); *Bellamy v. Comm'r of Soc. Sec.*, No. 19-81572-CIV-MATTHEWMAN, 2021 U.S. Dist. LEXIS 178335, at *16 (S.D. Fla. Sep. 20, 2021) ("When attorneys provide vague billing entries…the Court cannot properly determine whether the hours billed are reasonable.").

Here, Attorney Samson has three entries, totaling 15.4 hours (including several block-billed entries), that are described as "research appellate issues" or "research regarding appellate issues."  The vague descriptions provided do not allow the Court to determine if the time spent performing the work related to the single issue on which the ASOs prevailed, whether the work was necessary, and whether the amount of time spent was reasonable.  Likewise, counsel does not tell

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
**Case No.: 18-14496-C**

the Court what issues were being researched, how many issues were being researched, or why an appellate expert would need to spend that much time researching appellate issues.

Akal requests that 50% of this time, or 7.7 hours, be excluded from the lodestar.

## III. <u>Lodestar Calculation</u>

Based on the foregoing, the appropriate lodestar calculation is:

| Akal's Proposed Lodestar Analysis | |
|---|---:|
| Hourly Rate | $320 |
| Total Hours Sought | 134.1 |
| | |
| Proposed Reduction | |
| 10% billing judgment, block billing | -13.41 |
| Issues ASOs lost | -50.8 |
| Clerical tasks | -1.5 |
| Vague/excessive | -7.7 |
| | |
| Total Reduced Hours | 60.69 |
| | |
| Lodestar | $19,421 |

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Appellant/Cross-Appellee Akal Security, Inc. opposes the Motion for Appellate Attorney's Fees and Costs. An appropriate award of reasonable attorney fees would be in an amount *of $19,421 or less*.

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
**Case No.: 18-14496-C**

Finally, with regard to Appellee's Motion to Transfer Consideration of its Applications for Appellate Attorneys' Fees and Costs, Akal takes no substantive position on the ASOs' request.

Respectfully submitted,

**JACKSON LEWIS LLP**
s/*Jenna Rinehart Rassif*
Jenna Rinehart Rassif, Esq.
Valerie L. Hooker, Esq.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel. (305) 577-7600
Fax. (305) 373.4466

— and —

**JACKSON LEWIS LLP**
Tony H. McGrath, Esq.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Tel. (608) 807-5274
Fax (608) 260-0058

*Counsel for Appellant/Cross-Appellee*

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
<u>**Case No.: 18-14496-C**</u>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 27, 2021, I electronically filed the foregoing using the Court's ECF system that will automatically serve the following counsel of record for Appellees/Cross-Appellants:

*ELLIOT GELBER, ET AL. V. AKAL SECURITY, INC.*
**Case No.: 18-14496-C**

## SERVICE LIST

Matthew Sarelson, Esq. (888281)
Email: msarelson@dhillonlaw.com
Dhillon Law Group
2100 Ponce de Leon Blvd.
Suite 1290
Coral Gables, FL  33134
Telephone: (305)773-1952

Daniel M. Samson, B.C.S. (866911)
Email: dan@samsonappellatelaw.com
Samson Appellate Law
201 S. Biscayne Boulevard, #2700
Miami, FL  33131
Telephone: (305) 341-3055
*Attorneys for Appellees/Cross-Appellants*

Jenna Rinehart Rassif, Esq. (56855)
Email: jenna.rassif@jacksonlewis.com
Tony H. McGrath, Esq.
Wisconsin Bar No. 1042806
E-mail: tony.mcgrath@jacksonlewis.com
Valerie L. Hooker, Esq. (113688)
Email: valerie.hooker@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7651
Facsimile:  (305) 373-4466
*Attorneys for Appellant/Cross-Appellee*

Dated this 27th day of December, 2021

By: *s/ Jenna Rinehart Rassif*
Jenna Rinehart Rassif, Esq.

4868-9722-0870, v. 1

## DECLARATION OF TONY H. MCGRATH

I, Tony H. McGrath, declare under penalty of perjury as follows:

1.     I am over 18 years of age and otherwise competent to testify to the facts set forth herein, which are based on my personal knowledge.

2.     I am a Principal at the law firm of Jackson Lewis P.C. and one of the attorneys representing Akal Security, Inc. ("Akal") in *Gelber et. al v. Akal Security Inc.*, Eleventh Circuit Case No. 18-14496-C.  I make this declaration pursuant to Eleventh Circuit Rule 39-2(c) and in opposition to Appellees/Cross-Appellants' Motion for Appellate Attorney's Fees and Costs.

3.     The actual rates charged to Akal by Jackson Lewis P.C. in the *Gelber* appeal are as follows:

     a.  All Principals (partners):    $320/hour

     b.  All Associates:    $290/hour

     c.  All paralegals, clerks, etc.:    $100/hour

4.     Lead counsel for Akal in this appeal is Jenna Rinehart Rassif.  Consistent with the rate schedule stated above, Attorney Rassif's hourly rate throughout this matter was $320 per hour.  Attorney Rassif is a 1995 graduate of the George Washington University Law School. She is a Principal (partner) in Jackson Lewis' Miami office.  She has been certified by the Florida Bar in Labor and Employment law since 2001.  In her 26 years of practice, Attorney Rassif has represented employers in federal and state courts throughout the United States, up to and including the United States Supreme Court.  Attorney Rassif has also been lead counsel in multiple appeals before this Court.

5.     I (Attorney Tony McGrath) assisted Attorney Rassif with the *Gelber* appeal. Consistent with the rate schedule stated above, my hourly rate throughout this matter was $320 per hour.  I graduated *magna cum laude* from the University of Wisconsin Law School in 2005.

Case No. 0:16-cv-23170-FAM

I am a Principal and Litigation Manager for Jackson Lewis' Milwaukee and Madison, Wisconsin offices. A significant portion of my practice is devoted to the defense of FLSA collective actions. I have defended class and collective actions throughout the country, including in Arizona, Florida, Massachusetts, Missouri, New York, and Wisconsin.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 27, 2021, at Madison, Wisconsin.

TONY H. MCGRATH

4859-5695-6679, v. 1

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 18-14496-C

---

ELLIOT GELBER, ET AL,

*Appellees/Cross-Appellants*,

v.

AKAL SECURITY, INC.,

*Appellant/Cross-Appellee.*

---

APPELLEE'S MOTION TO TRANSFER CONSIDERATION OF ITS
APPLICATION FOR APPELLATE ATTORNEYS' FEES AND COSTS

---

Matthew S. Sarelson, Esq.
Dhillon Law Group
2100 Ponce de Leon Blvd., Suite 1290
Coral Gables, Florida 33134
Telephone: (305) 773-1952
Email: msarelson@dhillonlaw.com

Daniel M. Samson
Samson Appellate Law
201 S. Biscayne Boulevard, #2700
Miami, Florida 33131
Telephone:  (305) 341-3055
Email:  dan@samsonappellatelaw.com

*Co-Counsel for Appellees/Cross-Appellants*

**ELLIOT GELBER, ET AL v. AKAL SECURITY, INC.**
**Case No. 18-14496-C**

**CERTIFICATE OF INTERESTED PERSONS**
**AND**
**CORPORATE DISCLOSURE STATEMENT**

Appellees/Cross-Appellants, Elliot Gelber, et al., submit this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review:

1.   Agular, Jorge, Plaintiff/Appellee/Cross-Appellant

2.   Akal Security, Inc., Defendant/Appellant/Cross-Appellee

3.   Ameneiro, Sandra, Plaintiff/Appellee/Cross-Appellan

4.   Anewrys, Rosario, Plaintiff/Appellee/Cross-Appellant

5.   Arteaga-Gomez, Manuel A., Esq., Counsel for Plaintiffs

6.   Baker, Cassandra, Plaintiff/Appellee/Cross-Appellant

7.   Batista, Sylvia, Plaintiff/Appellee/Cross-Appellant

8.   Catala, Ruben, Plaintiff/Appellee/Cross-Appellant

9.   Diaz, Fara, Plaintiff/Appellee/Cross-Appellant

10.  Gelber, Elliot, Plaintiff/Appellee/Cross-Appellant

11.  Grossman Roth Yaffa Cohen, Counsel for Plaintiffs

12.  Hernandez, Sigfredo, Plaintiff/Appellee/Cross-Appellant

13.  Hooker, Valerie Lorraine, Esq., Counsel for Defendant/Appellant/Cross-Appellee

C-1 of 4

***ELLIOT GELBER, ET AL v. AKAL SECURITY, INC.***

## Case No. 18-14496-C

**CERTIFICATE OF INTERESTED PERSONS**

**AND**

## CORPORATE DISCLOSURE STATEMENT

(Continued)

14.  Jackson Lewis, P.C., Counsel for Defendant/Appellant/Cross-Appellee

15.  Kaplan Young Moll Parron, Counsel for Plaintiffs/Appellees/Cross-Appellants

16.  Kelley Kronenberg, Counsel for Defendant/Appellant/Cross-Appellee

17.  Khalsa International Industries and Trade, Inc.-100 % Owner of Akal Security Inc., Appellant

18.  Lopez, Angel, Plaintiff/Appellee/Cross-Appellant

19.  Maciolek, Jennifer, Appellee

20.  McGrath, Tony H., Esq., Counsel for Defendant/Appellant/Cross-Appellee

21.  Melo, Alejandro, Appellee

22.  Moreno, Judge Federico A., U.S. District Court Judge

23.  Morera, Larezo, Plaintiff/Appellee/Cross-Appellant

24.  Pagan, Luis, Plaintiff/Appellee/Cross-Appellant

25.  Rassif, Jenna Reinhart, Esq., Counsel for Defendant/Appellant/Cross-Appellee

*ELLIOT GELBER, ET AL v. AKAL SECURITY, INC.*

### Case No. 18-14496-C

**CERTIFICATE OF INTERESTED PERSONS**

**AND**

### CORPORATE DISCLOSURE STATEMENT

(Continued)

26.  Rijos, Rey, Appellee

27.  Samson Appellate Law, Counsel for Plaintiffs/Appellees/Cross-Appellants

28.  Samson, Daniel M., B.C.S., Counsel for Plaintiffs/Appellees/Cross-Appellants

29.  Santiago, Magalie, Plaintiff/Appellee/Cross-Appellant

30.  Sarelson, Matthew S., Esq., Counsel for Plaintiffs/Appellees/Cross-Appellants

31.  Siri Singh Sahib Corporation – 100 % Owner of Khalsa International Industries and Trade, Inc.,

32.  Sparks, Derek H., Esq., Counsel for Defendant/Appellant/Cross-Appellee

33.  Tolentino, Carlos, Plaintiff/Appellee/Cross-Appellant

34.  Turnoff, William, United States Magistrate Judge

35.  Valbrum, Jean, Plaintiff/Appellee/Cross-Appellant

36.  Vila, Monica, Plaintiff/Appellee/Cross-Appellant

37.  Yero, Ruben, Plaintiff/Appellee/Cross-Appellant

*ELLIOT GELBER, ET AL v. AKAL SECURITY, INC.*

<u>**Case No. 18-14496-C**</u>

**CERTIFICATE OF INTERESTED PERSONS**

**AND**
<u>**CORPORATE DISCLOSURE STATEMENT**</u>
(Continued)

_____/s/ Daniel M. Samson_____
Daniel M. Samson

**APPELLEE'S MOTION TO TRANSFER CONSIDERATION OF ITS
APPLICATION FOR APPELLATE ATTORNEYS' FEES AND COSTS**

Appellees/Cross-Appellants, Elliot Gelber, et al. (Gelber), pursuant to 11th Cir. R. 39-2(d), move the Court to transfer consideration of Gelbers's application for appellate attorneys' fees and costs to the United States District Court for the Southern District of Florida.

1.  Simultaneously with this Motion, on December 15, 2021, within time period prescribed by 11th Cir. R. 39-2, Gelber filed an application for appellate attorney's fees and costs pursuant to the attorney's fee provision in the Fair Labor Standards Act, 29 U.S.C. § 216(b).

2.  Gelber filed his motion for award of attorney's fees and costs in the district court, pursuant to 29 U.S.C. § 216(b), immediately following the court's entry of the final judgment in Gelber's favor.  The district court denied the motion without prejudice pending the outcome of this appeal.

3.  Gelber will be renewing the motion to the district court for an award of attorney's fees and costs.

4.  Gelber requests that its application for appellate attorneys' fees and costs be transferred to the district court, so that the application may be addressed together with Gelber's renewed motion for trial fees and costs.  Transferring Gelber's application will be an efficient use of judicial resources, inasmuch as the district court can address common legal issues, and because questions such as the measure of reasonable fees charged in the relevant legal market may be more readily decided at the district court level.

1

WHEREFORE, Gelber requests the Court to transfer consideration of Gelber's application for appellate attorneys' fees and costs to the district court.

Respectfully submitted,

Matthew S. Sarelson, Esq.
  Florida Bar No. 888281
Dhillon Law Group
2100 Ponce de Leon Blvd., Suite 1290
Coral Gables, Florida 33134
Telephone: (305) 773-1952
Email: msarelson@dhillonlaw.com

Daniel M. Samson, B.C.S.
  Florida Bar No. 866911
Samson Appellate Law
201 S. Biscayne Boulevard, #2700
Miami, Florida 33131
Telephone:  (305) 341-3055
Facsimile:  (305) 379-3428
Email:  dan@samsonappellatelaw.com
       leah@samsonappellatelaw.com

By:  _____/s/ Daniel M. Samson_____
       Daniel M. Samson

*Co-Counsel for Appellees/Cross-Appellants*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.  I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Daniel M. Samson
Daniel M. Samson

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.  This motion uses Times New Roman 14-point typeface and contains 267 words.

/s/ Daniel M. Samson
Daniel M. Samson